**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4245

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN GREGORY JENKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00048-GMG-RWT-1)

Submitted:  January 6, 2025                          Decided:  June 26, 2025

Before RICHARDSON, RUSHING, and BENJAMIN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Daniel Lee Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Gregory Jenkins pled guilty, pursuant to a written plea agreement, to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced him to 42 months' imprisonment to be followed by three years of supervised release.  On appeal, Jenkins's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Jenkins's upward-variant sentence is unreasonable.  Jenkins was informed of his right to file a pro se supplemental brief, but he has not done so.  Invoking the appeal waiver in Jenkins's plea agreement, the Government moves to dismiss the appeal.  We grant the Government's motion to dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver."  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant entered it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances."  *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable.  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Jenkins knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions not applicable here.

2

We therefore conclude that the waiver is valid and enforceable and that the sentencing challenge counsel raises falls squarely within the scope of Jenkins's valid waiver of appellate rights.

In accordance with *Anders*, we have also reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Jenkins's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm the district court's judgment.

This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*